```
LASC, East District
Case No.: 10U01241
```
                                                                                                O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-2554 AHM (JEMx) | Date | April 6, 2011 |
|---|---|---|---|
| Title | YSTUDIO, INC. v. MARTIN IBARRA, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

In December 2010, plaintiff Ystudio, Inc. ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court naming Martin Ibarra and Eda Ibarra as defendants ("Defendants"). On March 25, 2011, Defendants removed this action to federal court, alleging jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1443.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987).

Federal diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy exceeding $75,000, and "[t]he amount in controversy is determined from the allegations or prayer of the complaint." William Schwarzer et al., *Federal Civil Procedure Before Trial* (2010 ed.), § 2:450 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Here, there is no allegation anywhere in the complaint suggesting the amount in controversy exceeds $75,000. Quite the opposite. Plaintiff filed the complaint in California state court as a limited civil case. Jurisdiction in limited civil cases is confined to cases in which the amount of damages demanded is less than $25,000. Cal. Civ. Proc. Code § 86. Moreover, Plaintiff explicitly seeks damages at the rate of $50 per day from December 3, 2010. This places the amount in controversy well below $75,000. Therefore, there is no basis for diversity jurisdiction.

Defendants also seek to remove this case under the Civil Rights Act statute 28 U.S.C. §§ 1443(1), which states:

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2554 AHM (JEMx) | Date | April 6, 2011 |
|---|---|---|---|
| Title | YSTUDIO, INC. v. MARTIN IBARRA, et al. | | |

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

A notice of removal under § 1443(1) must satisfy a two-part test. First, the parties must "assert[] a right under federal law protecting civil rights stated in terms of *racial equality* (rather than general constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination)." Schwarzer et al., *supra*, at § 2:840 (emphasis in original). Second, "it must appear that the party seeking removal *cannot enforce the specified federal right in the state courts* because of a state statute or constitutional provision that purports to command the state courts to ignore the federal rights." *Id*. (emphasis in original).

Here, Defendants allege in their Notice of Removal ("NOR") "that they are being denied and cannot enforce their rights to equal protection of the laws as Hispanics under the racially and ethnically discriminatory laws of the State of California, which facially and as applied by the California Superior Courts of Limited Jurisdiction are racially and ethnically discriminatory . . . ." NOR pp. 2-3. Defendants assert that the California Superior Courts are racially discriminatory because "they do not require translations or bilingual texts of contracts or notices." *Id.* at 8. They also claim, without explanation, that California's practice of non-judicial foreclosures amounts to "a pervasive state statutory program which both on its face and as applied discriminates unfairly against Hispanics . . . ." *Id.* at 9.

In sum, according to Defendants, "'[b]ut for' the California *de facto* and *de jure* policies of discrimination against Hispanics, Defendants allege that they would have been able to present their document to prove constructive fraud and that no judgment would have been entered against them, but applicable California laws allow no objections to due process complaints of this kind, and by their exclusive use of the English language, create an environment in which denial of notice to Hispanics is not only allowed but presumed and in fact, fostered and encouraged, especially by the Sherriff's Department and Courts

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2554 AHM (JEMx) | Date | April 6, 2011 |
|---|---|---|---|
| Title | YSTUDIO, INC. v. MARTIN IBARRA, et al. | | |

of Limited Jurisdiction in Los Angeles County." *Id.* at 10.

     Defendants do not assert a right under a federal law protecting civil rights stated in terms of racial equality. They assert due process and equal protection violations, but these are general constitutional provisions. Even if Defendants had satisfied the first prong of the § 1443 removal analysis, they have not identified any state statute or constitutional provision that purports to command the state courts to ignore any federal laws (let alone those relating to racial equality). Defendants take issue with California's practice of non-judicial foreclosures and make conclusory allegations that this practice somehow specifically discriminates against Hispanics. This is not sufficient for removal under § 1443.

     Perhaps anticipating that their claim of racial discrimination would fail, Defendants also ask the Court to "break the racial lock on Civil Rights Removal" by "reconsidering" various decisions by the United States Supreme Court limiting § 1443 removal to cases involving federal laws providing for specific civil rights stated in terms of racial equality. NOR p. 10. The Court cannot "reconsider" decisions by courts of superior jurisdiction, and declines Defendants' offer to do so.

     Defendants have failed to set forth a basis for federal jurisdiction. Accordingly, the Court ORDERS, on its own motion, that this action be remanded to Los Angeles County Superior Court for lack of jurisdiction.

**JS-6**

                                                                                                           :

Initials of Preparer       SMO